**UNITED STEELWORKERS OF AMERICA, AFL–CIO, Plaintiff,**

v.

**MUELLER BRASS CO., Defendant.**

**No. EC 78–39–S.**

United States District Court,
N. D. Mississippi, E. D.

Oct. 25, 1979.

---

George C. Longshore, Cooper, Mitch & Crawford, Birmingham, Ala., Michael H. Steele, Crawley & Ford, Kosciusko, Miss., for plaintiff.

Fred M. Bush, Jr., Mitchell, McNutt, Bush, Lagrone & Sams, Tupelo, Miss., for defendant.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action is before the court upon cross motions for summary judgment. The issue to be decided has narrowed considerably since the court's previous opinion in this action.[1] The plaintiff, the United Steelworkers of America, AFL–CIO, seeks to enforce an award of a Board of Arbitration, pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (1976).[2] The dispute which was submitted to arbitration concerned the interpretation of that portion of the collective bargaining agreement which dealt with vacations and vacation pay, and the method of determining eligibility for vacation benefits. The arbitration board sustained the grievances in question, holding that:

> All employees possessing a minimum of three years of service on January 1, 1975, are entitled to a payment for a total of two weeks' vacation for 1975, and all employees possessing a minimum of three years of service on January 1, 1976, are entitled to a payment for a total of two weeks' vacation for 1976.

1. The court's order of October 5, 1978, denied the plaintiff's and defendant's motion for summary judgment, and remanded the arbitration award which is the subject of this action to the Board of Arbitration for a clarification.

2. 29 U.S.C. § 185 provides in pertinent part:
   (a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

The present dispute arose between the plaintiff's Local Union No. 8420 and the defendant at its plant in Fulton, Mississippi. The court therefore has jurisdiction of this action pursuant to § 301.

According to the language of the collective bargaining agreement, each employee entitled to the benefits as described above, was to be paid the equivalent of four percent (4%) of his total wages. The dispute over the language of the arbitration award arose when the company alleged that it had fully complied with the mandate of the arbitration panel. The union, on the other hand, argued that the award was to apply prospectively to all employees, and also that vacation benefits were to be determined according to the date on which an employee was hired, rather than January 1 of any given year.

Because of these ambiguities in the arbitration award, the court remanded the award to the arbitration panel for a clarification. The court also ordered that after the arbitration award had been clarified and resubmitted, the parties should file an appropriate motion, seeking to enforce the award as a final judgment. On March 30, 1979, the court received a letter from counsel for defendant, which included a copy of the amended arbitration award. This award contained the same language as the original award, but was amended to include the following sentence:

> This same procedure for determining vacation benefits shall remain applicable for the duration of the current Labor Agreement between those parties.

The court then ordered the parties to file appropriate motions, as previously directed.[3] On June 15, 1979, the plaintiff submitted a brief in support of its motion for summary judgment following the clarification of the award. The motion for summary judgment was filed on June 27, 1979. The defendant also filed a motion for summary judgment, on June 23, 1979.

Plaintiff maintains that the January 1 deadline acts as a starting point rather than a cutoff point, and that those employees who were hired between January 1, 1972, and June 30, 1972, are entitled to the same vacation pay as those with three years of service as of January 1, 1975. That is, those employees who eventually achieved three years of seniority during the first half of 1975 are included within the arbitration award. This position, according to the plaintiff, is supported by the language of the employee handbook, which states:

> An employee hired between July 1 and December 31 (inclusive) of any year will become eligible for vacation on January 1 of each year.

> An employee hired between January 1 and June 30 of any year will become eligible for vacation on July 1 of each year.

Thus, the eligibility of any employee for vacation time is governed by whether the employee was hired in the first half or the second half of the year. According to the Labor Agreement and the employee handbook, after 12 months of service an employee was entitled to one week of vacation time; after 36 months an employee was entitled to two weeks of vacation time. It is the plaintiff's position that those who were eligible for two weeks of vacation time as of January 1, 1975, are also eligible for vacation pay in the amount of 4% of their gross pay, regardless of whether or not they had achieved three years of service as of January 1, 1975. Since these employees would be eligible for vacation time beginning on July 1, 1975, the union argues that these employees are entitled to have their vacation pay determined at the earliest date prior to that time, which would be January 1, 1975.

The defendant argues that the arbitration award clearly states which employees are entitled to relief. In support of its motion for summary judgment, the defendant has submitted the affidavit of Joe Randall Boyd, who is the Industrial Relations Manager for the defendant's Fulton, Mississippi, plant. Mr. Boyd states that the company has complied with the mandate of the award "by issuing additional vacation checks in the amount of two percent (2%) of

---

**3.** The court was later informed by counsel that a dispute existed concerning the application of the amended award which should be submitted to the court. The parties were then given until June 14, 1979, to file appropriate motions or other pleadings.

the 1974 W–2 earnings for all employees who had completed a minimum of three (3) years of service as of January 1, 1975, and who had previously received only two (2%) of their 1974 W–2 earnings." It states further that those employees who had completed three years of service as of January 1, 1976, 1977 and 1978, have been paid on a similar basis.

█ As both sides have argued in their memoranda, arbitration awards which contain ambiguities should be clarified by the arbitrators themselves, and not by the court. *See, e. g., San Antonio Newspaper Guild, Local No. 25 v. San Antonio Light Division,* 481 F.2d 821, 825 (5th Cir. 1972). Were an ambiguity to exist in the arbitrator's award, even after it had been remanded for clarification once, this court would be under a duty to remand the award for further clarification. *San Antonio Newspaper Guild, supra.* As the Fifth Circuit observed in that case, however, "an appropriate resolution of this already too-lengthy dispute would in no way be served by remanding to [the arbitrator] for yet another interpretation of his original award." 481 F.2d at 825–26. This case is now before the court for resolution of the summary judgment motions, and in accordance with Rule 56, Fed.R.Civ.P., the court must examine the pleadings and affidavits to determine if there are genuine issues of material fact.

The defendant has submitted in support of its motion, the affidavit of Joe Randall Boyd. As previously stated, this affidavit clearly states that the defendant has issued additional checks to those employees affected by the arbitration award. In responding to these allegations, the plaintiff does not present any evidentiary matter for the court's consideration. Rather, the plaintiff has chosen to argue the merits of the arbitration award, and point out the ambiguities which allegedly still exist.

It is important to remember, however, that in a motion for summary judgment, a party is expected to go beyond the pleadings. The importance of doing so is emphasized in the last two sentences of Rule 56(e):

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Defendant's affidavit couched in the same language as the arbitration award, states that the mandate of the award has been implemented. The language of that award clearly states to whom it should be applied, and the defendant has complied. The court does not believe that it should read into the arbitration award language which is nonexistent so as to create an ambiguity which is not there.

█ When an arbitration award is at issue, the district court does not sit as an appellate court or a court of review, to decide the merits of the grievance or the correctness of the award. If the question is one which was properly submitted to arbitration, and if the arbitrator's award is based upon an interpretation of the collective bargaining agreement, the court should enforce the award. *Walters v. Roadway Express, Inc.,* 400 F.Supp. 6 (S.D.Miss.1975); *Proctor & Gamble Mfg. Co. v. Independent Oil and Chemical Workers,* 386 F.Supp. 213 (D.Md.1974). The award in the instant case is plainly based upon the interpretation of the collective bargaining agreement. This court cannot reinterpret either the contract or the arbitration award, in a search for latent ambiguities. On the basis of the mandate of the arbitration award, and the defendant's affidavit that it has complied with that mandate, the court finds that there is no genuine issue of material fact, and that the defendant is entitled to a judgment as a matter of law. An appropriate order will be entered.